FreemaN, J.,
delivered the opinion of the court.
Jacob Sharp, on November 5, 1857, sold to Sterling C. Kincaid a tract of land in Union county for $8,000, as shown in the deed made at the time. The deed recites $6,000 paid in cash, $1,000 in hogs, and $1,000 to be paid the first of January, 1862, bearing interest from the first of January, 1858. No lien was retained on the face of the deed for purchase money. The bill charges that a note dated on the fifth of November, 1857, due on the first of January, _ 1861, for the sum of $1,180, which was assigned to the *453 complainants on the ninth of May, I860, and which is exhibited with their bill, was given for the last payment on this land. This note on its face says, '“it is the last payment for his (Sharp’s) land,” and is witnessed by one Dyer. This note has the following assignment on it: “For value received I assign the within note to- Cowan & Dickinson, and guarantee payment of same, waiving notice and demand.”
The bill charges that a specific lien, as complainants are informed, was retained upon the land in the deed conveying it to secure the payment of this note, and that the same inures by the transfer to them.
It is further stated, however, that if no lien was retained, the subsequent purchasers of the land, who are made parties, took with full notice of this note, or that balance of the purchase money remained unpaid. It is also charged that the purchasers did not pay a valuable consideration for this land, so as to be entitled to protection as innocent purchasers against the payment of this note by enforcing the lien. It is then charged that a conspiracy had been entered into between Sterling Kincaid and the subsequent purchasers to relieve this land from this lien. It is also stated that Sterling Kincaid sold the land to Harrison Kincaid, he conveyed to Madison Kincaid, the said three subsequent purchasers being brothers. After this, however, Madison Kincaid, on the first of December, 1862, conveyed the land to Laban Sharp, who had -the land in possession at the filing of the bill, said sale being for the sum of $9,500, paid at date of the deed, as recited on face of the .deed; but it is alleged *454 that no consideration valuable in law ever passed from the bargainee to the bargainor.
Complainants seek, by the prayer of their bill, an enforcement of a vendor’s lien in their favor for payment of the note. Upon the allegations of the bill,, and fact of no lien retained, and the fact as to assignment of the note, assuming them to be as stated and shown under the rule laid down in Green et al. v. Demoss, 10 Hum., 371, that the implied lien of a vendor who has conveyed land with no reservation of' a lien in the deed,, has a mere personal equity, which is not assignable, and that such lien does not pass to. the assignee of the vendee’s obligation for the consideration of money, and consequently cannot be enforced-in his favor, the complainant must fail in this case. We see nothing in the case to take it out- of this-rule. It may not be improper to say that if the-, question were an open question, the writer of this, opinion would seriously question thé correctness- of this, rule on principle; but it has been now too long established and too often recognized to be disturbed, and we yield our assent to it as the settled law on the-subject. If this is or was a mere personal equity-in the vendor, and did not pass by assignment, then complainants, as assignees of the note, obtained no lien, and can enforce none as against Laban Sharp,, the defendant, who is a subsequent purchaser of the land. 3 Head, 537; 1 Col., 554.
It is perhaps due to say, in reference to the learned and ingenious argument of complainants’ counsel in. support of a lien by estoppel in pais, growing out of *455 a letter written by Sterling Kincaid, that even if the proposition of law insisted on could . be sustained, no such case is charged in the bill as would raise the question. for our decision in this case. Without further discussion of other questions, we hold the Chancellor’s decree to be correct, and affirm the same with costs.